**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
In re:                                                                                          Chapter 7

Paolo Meregalli,
                                                                                                    Case No. 20-10716 (DSJ)
                                             Debtor.
------------------------------------------------------------------x
Roy Food and Wine LLC and I.K. Finanziaria SRL,
individually and as members of F & W International
LLC,

                                             Plaintiffs,
                                                                                                    Adv. Proc. No. 20-01183 (DSJ)
              - against –

Paolo Meregalli,

                                             Defendant.
------------------------------------------------------------------x

## **SCHEDULING ORDER**

The Court conducted a status conference via Zoom for Government on October 26, 2023, at which counsel for Plaintiffs and the self-represented Defendant appeared. Having heard the parties' statements and proposed courses of action, and for the reasons stated on the record which are incorporated herein without alteration, it is hereby

**ORDERED:**

1. Each party shall serve initial disclosures pursuant to FRCP 26(a)(1) on or before November 10, 2023.

2. The parties are to discuss whether and to what extent discovery taken in connection with the prior state court litigation, including deposition transcripts, may be used in this adversary proceeding.

3. Each party shall serve any document requests to its adversary on or before **December 1, 2023**.

    4.       Each party's responses to and production of documents responsive to the other party's document requests shall be complete by **January 5, 2024**.

    5.       All non-party documentary discovery shall be complete by **February 16, 2024**.

    6.       All fact depositions shall be complete by **March 29, 2024**.

    7.       The parties do not currently anticipate relying on expert testimony. This Order therefore does not include a schedule for expert discovery. Any party that determines that it wishes to rely on expert testimony should promptly disclose that intention to its adversary, and the parties are to meet and confer in an attempt to agree on an appropriate expert discovery schedule. No expert testimony (other than for purposes of rebuttal) shall be permitted on behalf of any party that has not notified its adversary of an intention to present expert testimony on or before **April 5, 2024**.

    8.       This Order is without prejudice to any party's ability to file any motion, but any party wishing to file a potentially dispositive motion prior to the conclusion of discovery must first file a letter with the Court describing its intended motion and request a conference to discuss the intended motion.

    9.       The Court will conduct a status conference on **April 18, 2024 at 10:00 a.m.**, via Zoom for Government. If the Court subsequently extends the discovery deadlines imposed by this Order, the conference will be adjourned so as to occur promptly after the close of discovery. If any party wishes to move for summary judgment, it must submit a pre-motion conference request letter no less than seven days before the conference, in which case the Court will discuss the potential summary judgment motion at the conference. In addition, the parties must be fully prepared to discuss plans for trial at the conference, including trial date and duration; whether the parties consent to entry of final judgment by this Court; any jurisdictional issues that may exist;

deadlines for pretrial filings and exchanges such as for pre-marked exhibits, a proposed joint pretrial order, any motions in limine, and written direct testimony; and a date for a final pre-trial conference.

10. The deadlines set forth in this Order shall not be changed other than by order of the Court. Any party believing its adversary is hindering the progress of the case by nonresponsiveness or noncompliance with discovery obligations should promptly seek relief from the Court if the issue is not resolved by a meet and confer process between the parties. Any future extension requests should be supported by an explanation why additional time is needed for reasons not reasonably within the control of the requesting party.

**It is SO ORDERED**.

Dated: New York, New York  
October 26, 2023

*s/ David S. Jones*  
HONORABLE DAVID S. JONES  
UNITED STATES BANKRUPTCY JUDGE